```
      IN THE UNITED STATES DISTRICT COURT FOR THE
              WESTERN DISTRICT OF MISSOURI
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA,    )
                             )
         Plaintiff,          )
                             )
    v.                       ) Criminal Action No.
                             ) 11-00120-02-CR-W-FJG
CHRISTINA RAMOS,             )
                             )
         Defendant.          )

### ORDER

Before the court is the government's motion for revocation of release pending trial.  For the following reasons, the government's motion will be granted.

### *I.*  *BACKGROUND*

On May 23, 2011, an indictment was filed charging defendant with two counts of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On May 21, 2011, defendant was released on a $10,000 bond cosigned by Mara Hinojos.  The conditions of release included the conditions that she advise Pretrial Services within 48 hours of any change in address, reside at all ties at a residence approved by Pretrial Services, and report to Pretrial Services as directed by at least once a week.  On June 16, 2011, I held a bond violation hearing after having received a Violation Report from Pretrial Services stating that defendant has failed to report, she has vacated her approved residence, and her whereabouts are unknown. Defendant failed to appear for the hearing.

## II. BOND REVOCATION

Pursuant to 18 U.S.C. § 3148(b), if the court finds by clear and convincing evidence that the defendant has violated any condition of release, and that the defendant is unlikely to abide by any condition or combination of conditions of release, her bond may be revoked. In this case, I find by clear and convincing evidence that defendant violated the three conditions outlined above, and I find that defendant is unlikely to abide by any condition or combination of conditions of release.

## III. BOND FORFEITURE

Federal Rule of Criminal Procedure 46(e) states in pertinent part as follows:

> (1) **Declaration**. If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.
>
> * * * *
>
> (3) **Enforcement**. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. . . .

A bail bond is an enforceable contract between the government and the principal and surety to ensure the prompt appearance of a defendant during criminal proceedings as directed by the court. United States v. Wray, 389 F. Supp. 1186, 1190

(W.D. Mo. 1975). When a defendant fails to appear before the court as directed, the bond agreement is breached and the surety becomes absolutely liable in the amount of the bond. <u>Appearance Bond Surety v. United States</u>, 622 F.2d 334, 336 (8th Cir. 1980). "Upon breach of the agreement, the district court had no discretion in determining whether the bond should be forfeited." <u>Id</u>.

Therefore, based on Rule 46(e)(1) the government is entitled to a declaration of bond forfeiture and entry of judgment on the ground that defendant failed to appear as required.

## IV. CONCLUSION

Based on the above, it is

ORDERED that the government's motion for revocation of release pending trial is granted. It is further

ORDERED that defendant's bond is revoked. It is further

ORDERED that once defendant is back in the custody of the United States Marshal, she be confined in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. It is further

ORDERED that the Attorney General or his authorized representative ensure that the defendant is afforded reasonable opportunity for private consultation with her counsel. It is further

ORDERED that, on order of a court in the Western District of Missouri, the person in charge of the corrections facility where defendant is confined deliver the defendant to a United States Marshal for her appearance in connection with a court proceeding. It is further

ORDERED that the $10,000 bond is forfeited and the government may proceed with collecting that amount from the cosigner.

Defendant is reminded that if she appears voluntarily she may request that the forfeiture order be set aside. However, if the arrest warrant is executed, I will look much less favorably on any motion to set aside the forfeiture order.

                                        /s/ Robert E. Larsen
                                        ROBERT E. LARSEN
                                        United States Magistrate Judge

Kansas City, Missouri
June 17, 2011